IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA, SECOND JUDICIAL COURT, DEPARTMENT OF CORRECTIONS,<br><br>Respondents. | Cause No. CV 16-62-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On December 5, 2016, Petitioner Ray Dean Wilson, proceeding pro se, filed a Petition for Writ of Habeas Corpus. Wilson then proceeded to file nine separate supplements to his original petition. (Docs. 2, 4, 5, 6, 7, 8, 9, 10, and 11).

I. Prior 28 U.S.C. § 2254 Petitions

The Court is familiar with Mr. Wilson; he has filed three prior habeas actions. The commonality shared between Mr. Wilson's filings is that they are confusing and difficult to follow. He repeatedly seeks to use federal habeas proceedings as a mechanism for the Court to order the return of property to him that he believes was wrongfully taken by law enforcement officials in Butte-Silverbow County, or, alternatively, to assist him in gathering evidence of a conspiracy stemming from the wrongful conversion of this property. Mr. Wilson believes, in addition to Butte-Silverbow officers, members of the National Guard,

1

the United States Marshal's Service, the Internal Revenue Service, the Federal Bureau of Investigation, the United States Attorney's Office, the Butte Silverbow County Attorney's Office, the Montana state courts, the Department of Health and Human Services, the United States Postal Service, and even members of his own family, among others, acted in concert to deprive him of his property. See, e.g., *Wilson v. State*, CV 15-110-H-DLC-JTJ, Findings and Recommendations, at 1-3 (filed January 25, 2016); *Wilson v. State of Montana*, Cause No. CV 16-52-H-DLC-JTJ, Findings and Recommendations, at 2-3 (filed August 31, 2016). Both of these prior petitions were dismissed due to Wilson's failure to exhaust his state court remedies. *Wilson v. State*, CV 15-110-H-DLC-JTJ , Or. (D. Mont. Feb. 18, 2016); *Wilson v. State of Montana*, Cause No. CV 16-52-H-DLC-JTJ, Or. (D. Mont. Oct. 20, 2016).

In Mr. Wilson's third petition, although still difficult to follow, he seemed to claim that the State of Montana was holding him against his will at the Montana State Hospital. This Court ordered the State to respond to Mr. Wilson's petition. It was revealed that on June 10, 2016, the Second Judicial District Court, upon motion by Mr. Wilson's defense counsel, ordered Wilson to undergo an evaluation at the state hospital to determine his competency to stand trial. *Wilson v. Second Judicial Court*, Cause No. CV 16-79-H-DLC-JTJ, Findings and Recommendations, at 1-2 (filed Oct. 24, 2016). The evaluation was completed on

September 1, 2016. Mr. Wilson was not found fit to proceed and all of the criminal charges pending against him were dismissed with prejudice. *Id*. at 2. Mr. Wilson's federal habeas petition was ultimately denied as moot. *Wilson v. Second Judicial Court*, Cause No. CV 16-79-H-DLC-JTJ, Or. (D. Mont. Nov. 22, 2016).

## II. Pending 28 U.S.C. § 2254 Petition

In the instant petition, Mr. Wilson resurrects his arguments relative to the wrongful taking of property and asks this Court to order the return of sixty-four items. (Doc. 1 at 2-3); see also, (Doc. 5). Wilson was apparently arrested again on November 22, 2016, and accused of burglarizing seven storage units. (Doc. 1-1 at 1). Wilson claims he is innocent of the crimes and asks this Court to order his immediate release. (Doc. 1 at 1); see also, (Docs. 6 and 6-1). Wilson argues that he has made a prima facie showing of reasonable doubt and seems to think this Court has the authority to order the dismissal of the pending state burglary charges. (Docs. 7; 11).

Mr. Wilson also contends that having the 2015 charges dismissed did not constitute a reasonable resolution to the matter; he seems to believe this was simply a means to cover-up the ongoing fraud. (Doc. 6-1 at 3-4). Again, Wilson seeks to have this Court assist him in recovering documents, some of which date back to 1978. (Doc. 8 at 3-4); see also, (Doc. 10). Wilson believes law

3

enforcement officers wrongfully recovered over one million dollars-worth of gold from his home, either while he was in custody on prior criminal charges or in the Montana State Hospital for his evaluation. (Docs. 9 at 2; 9-1 at 3). Although the exact status of Wilson's state court case remains unclear, it does not appear that he is currently incarcerated.[1]

### A. Analysis

To the extent that Wilson seeks an "immediate or speedier release" from confinement, habeas corpus is the exclusive remedy. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). "The essence of habeas corpus is an attack by a person in custody up on the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id*. at 484. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution." 28 U.S.C. § 2254(a). There are several problems with Wilson's petition as it stands.

First, Wilson has not clearly enunciated which federal constitutional rights he believes to have been violated. Second, it does not appear that Wilson is currently in custody. Next, as has been previously explained to Wilson, before this Court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim

---

[1] *See*: Butte Silverbow Jail Roster, available at: http://co.silverbow.mt.us/230/Detention-Center (accessed Jan. 30, 2017).

he raises in federal court. 28 U.S.C. 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In addition, under the rule of *Younger v. Harris*, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45.

Assuming for the sake of argument that Wilson actually is in state custody on the burglary charges, he must first use the procedures the State makes available to challenge his custody. While the exact procedural status of Wilson's state criminal case is not clear, he must complete all proceedings in the lower court and any subsequent direct and/or collateral review before he may file in this Court. Dismissal at this time will not prejudice Wilson or materially alter his position, provided he follows the State's rules and procedures. *Slack v. McDaniel*, 529 U.S. 472, 485-86 (2000); 28 U.S.C. § 2244(d)(1)(A), (d)(2).

The additional claims that Wilson seeks to advance are not properly raised in a federal habeas petition. *Preiser*, 411 at 493. To the extent that Wilson seeks monetary or some form of injunctive relief, such relief is not available in a federal habeas action. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *McCarthy v. Bronson*, 500 U.S. 136, 140 (1991). Because Wilson's requested relief will not result in his immediate release from custody, it is therefore inappropriate for habeas review. *Carafas v. LaVallee*, 391 U.S. 234 (1968); *Nettles v. Grounds*, 830 F. 3d 922, 935 (9th Cir. 2016).

B.  **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Wilson has not made a substantial showing that he was deprived of a constitutional right. Further, because he failed to exhaust his claims in the state court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Wilson's petition (Doc. 1) and the corresponding supplements (Docs. 2, 4, 5, 6, 7, 8, 9, 10, and 11) should be DISMISSED without prejudice for failure to exhaust state remedies.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wilson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wilson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 31st day of January, 2017.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.